CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 30 2009

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ARTURO CRUZ,

    Plaintiff,

v.

SGT. GREER, ET AL.,

    Defendants.

Case No. 7:09CV00522

**MEMORANDUM OPINION**

By: Glen E. Conrad
United States District Judge

Plaintiff Arturo Cruz, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Cruz alleges that the defendant prison officials violated his constitutional rights by housing him for three and a half days in a mental ward. Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Cruz was transferred to Wallens Ridge State Prison (WRSP) in Big Stone Gap, Virginia in September 28, 2008, from a prison in St. Croix in the United States Virgin Islands. Then, on June 21, 2009, Sgt. Greer, under the instruction of Lt. D. Collins and with the approval of Warden B. Watson of WRSP, moved Cruz from his sleeping quarters in Unit B-401 to the mental health ward. Officials made this housing assignment without any previous examination, psychological report, or disciplinary report about Cruz. They informed him that they needed his bedspace in Unit B-401 because another inmate was involved in an "incident."

Cruz characterizes the mental ward as a "hell whole [sic]," where he was "forced to eat in a sewer stench environment of feces, urine and other body waste that was unbearable even for an animal to live in." He claims that these "unsafe," "degrading and abusive" conditions caused him headaches, eye and nose irritation, a sore throat, and body rashes, as well as emotional distress and mental anguish.

Cruz argues that by housing him for a brief period in the WRSP mental ward, defendants violated his rights under the First, Fifth, Eighth and Fourteenth Amendments, and under the contract regulating the exchange of prisoners between Virginia and the Virgin Islands Bureau of Corrections. He seeks monetary damages.

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). However, to state an actionable claim, the factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After a review of Cruz's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim.

Although Cruz mentions several constitutional provisions, the primary arguments he presents arise under the Eighth Amendment, which protects prisoners from cruel and unusual living conditions.[1] Rhodes v. Chapman, 452 U.S. 337 (1981). Cruz's allegations do not rise to constitutional proportions, however, because he fails to allege facts indicating that he has sustained, or will sustain, a serious or significant mental or physical injury as a result of the challenged conditions. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993)

---

[1] Although Cruz mentions the First Amendment in his complaint, he fails to allege any facts or argue any legal principle under which confinement in a bad-smelling cell violates any of the rights guaranteed under that constitutional provision.

(requiring showing of serious or significant mental or physical injury). Cruz does not indicate that he sought professional treatment for any of the adverse effects he allegedly suffered as a result of the bad smells. Moreover, his allegations do not indicate that any prison official knew that the malodorous conditions in the mental ward posed a risk of serious injury to any of the inmates housed there, let alone to one confined there for less than four days. See Farmer v. Brennan, 511 U.S. 825, 837-44 (1994) (finding that Eighth Amendment conditions claim requires showing of "deliberate indifference" to the inmate's health or safety—that officer was aware of facts from which he could draw reasonable inference that substantial risk of harm existed, that he actually drew such inference, and that he failed to "respond reasonably to the risk."). Thus, Cruz fails to allege any actionable claim under the Eighth Amendment.

Cruz also complains about being transferred to the mental ward without any sort of hearing or finding that he needed psychiatric attention. The court construes these allegations as an attempted due process claim. While convicted prisoners relinquish many rights upon being incarcerated, due process mandates procedural safeguards when an inmate faces a change in status that involves conditions that are dramatically different from those expected under his sentence or conditions that pose an "atypical hardship" in comparison to such conditions. See Sandin v. Conner, 515 U.S. 472 (1995). On the other hand, administrative decisions to change an inmate's location or classification rest in the discretion of prison officials, based on the day to day needs of managing the prison, and such changes do not give rise to due process protections. See Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The Fourth Circuit has held that confining inmates for more than six months in conditions much worse than those plaintiff alleges was insufficient to trigger any federal due process right to avoid such conditions. See Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). The Beverati inmates complained of being confined for six months with no outside recreation, no clean clothes, insufficient food, and cells infested with vermin and smeared with urine and feces; yet, the Fourth Circuit found that these conditions were not so atypical as to trigger any right to federal due process protections, such as notice or a

hearing. Id. Under this precedent, the court is satisfied that the conditions of which Cruz complains were not such an "atypical hardship" that they triggered a federal due process right for a hearing before Cruz was temporarily transferred to the unit for administrative reasons. To the extent that Cruz alleges a violation of his due process rights, his complaint must be dismissed.

Finally, Cruz offers no indication that the contract between the Virginia and the Virgin Islands Departments of Corrections creates any private right of action for inmates to enforce the terms of the contract. Moreover, as he fails to allege suffering any significant injuries as a result of the brief stay under the challenged conditions, his complaint cannot support a claim under the diversity jurisdiction of the court, which requires a showing that the matter in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

## Conclusion

For the stated reasons, the court concludes that Cruz's complaint fails to state any actionable federal claim. Therefore, the action will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of December, 2009.

United States District Judge